UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA,

v.

DONNEL CORNELIUS SHAVERS      5:14CR12

Defendant.

## PLEA AGREEMENT

Defendant Donnel Cornelius Shavers, represented by his counsel Kimberly Copeland, and the United States of America, represented by Assistant United States Attorney Daniel R. Crumby have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1.    Guilty Plea

Defendant agrees to enter a plea of guilty to Count Four, which charges a violation of 18 U.S.C. § 2251(a), Production of Child Pornography and Count Seven of the Indictment, which charges a violation of 18 U.S.C. § 2422(b), Coercion and Enticement.

2.    Elements and Factual Basis

The elements necessary to prove the offense charged in Count Four are (1) an actual minor, that is, a real person who was less than 18 years old, was depicted; (2) the Defendant induced and enticed the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; (3) the visual depiction was transported in interstate commerce.

Defendant agrees that he is, in fact, guilty of this offense.  He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

On or about March 3, 2014, in Ware County, located in the Southern District of Georgia, the defendant,

**DONNEL CORNELIUS SHAVERS,**

did knowingly employ, use, persuade, induce, and entice a minor, and attempt to employ, use, persuade, induce, and entice minor, that is a girl having the initials T.T, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depictions were transported in interstate commerce, all in violation of Title 18, United States Code, Sections 2251(a).

The elements necessary to prove the offense charged in Count Seven are (1) the defendant knowingly persuaded, induced, and enticed G.B. to engage in a sexual activity , as charged; (2) the defendant used a facility of interstate and foreign commerce as alleged in the Indictment to do so; (3) when the defendant did these acts, G.B., was less than 18 years old; and (4) one or more of the individual engaging in the sexual activity could have been charged with a criminal offense under the law of Georgia.

Defendant agrees that he is, in fact, guilty of this offense.  He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

Between the dates set out below, in Ware County within the Southern District of Georgia, the defendant,

**DONNEL CORNELIUS SHAVERS,**

did use a facility of interstate and foreign commerce, that is the Internet, to knowingly persuade, induce, and entice an individual, who had not attained the age of 18 years that is the following

2

girl:

| COUNT | DATE | Initials |
|-------|------|----------|
| 7 | February 4, 2014 - March 2, 2014 | G.B. |

to engage in a sexual activity for which a person can be charged with a criminal offense, that is

Statutory Rape under Georgia Code Section 16-6-3; in violation of Title 18, United States Code,

Section 2422(b).

3.    Possible Sentence

As to Count Four, Defendant's guilty plea will subject him to the following maximum

possible penalties: not less than 15 years nor more than 30 years imprisonment, a term of

supervised release of not less than 5 years and up to life, a $250,000 fine, such restitution as may

be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally is obliged

to impose a $100 special assessment.

As to Count Seven, Defendant's guilty plea will subject him to the following maximum

possible penalties: not less than 10 years and up to life imprisonment, a term of supervised

release of not less than 5 years and up to life, a $250,000 fine, such restitution as may be ordered

by the Court, and forfeiture of all forfeitable assets. The Court additionally is obliged to impose

a $100 special assessment.

4.    No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a

sentence within any particular range. The Court is not bound by any estimate of sentence given

or recommendations made by Defendant's counsel, the government, the U.S. Probation Office,

or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will

not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.     Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence.  The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest.  The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6.     Agreements Regarding Sentencing Guidelines

a.     Acceptance of Responsibility

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines.  If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

b.     Use of Information

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

4

7.   <u>Restitution</u>

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct.  Restitution is not limited to the specific counts to which Defendant is pleading guilty.  Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the restitution.  Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

8.   <u>Cooperation</u>

a.   <u>Complete and Truthful Cooperation Required</u>

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in his Indictment and any related offenses. Defendant shall fully and truthfully disclose his knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person.  His benefits under this agreement are conditioned only on his cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

b.   <u>Motion for Reduction in Sentence Based on Cooperation</u>

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence.  If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced.  The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced

5

9.    Dismissal of Other Counts

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

10.    Waivers

a.    Waiver of Appeal

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground.  The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence.   Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

b.    Waiver of Collateral Attack

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.

c.    FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d.    Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the

6

course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11.     Required Financial Disclosure

Not later than 30 days after the entry of his guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

12.     Sex Offender Registration

Defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Independent of supervised release, he will be subject to federal and state sex offender registration requirements. Those requirements may apply throughout his life.

13.     Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

7

14.     Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

15.     Breach of Plea Agreement

If Defendant breaches the plea agreement, withdraws his guilty plea, or attempts to withdraw his guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

16.     Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

EDWARD J. TARVER
UNITED STATES ATTORNEY

9/2/14
Date

Brian T. Rafferty
Chief, Criminal Division

9/2/14
Date

Daniel R. Crumby
Assistant United States Attorney
Texas Bar No. 24049839

22 Barnard Street, Suite 300
Post Office Box 8970
Savannah, Georgia 31401
Telephone Number: 912-652-4422
daniel.crumby@usdoj.gov

I have read and carefully reviewed this agreement with my attorney.  I understand each provision of this agreement, and I voluntarily agree to it.  I hereby stipulate that the factual basis set out therein is true and accurate in every respect.


_8/22/14_
Date

_Donnel Swary_
Donnel Cornelius Shavers, Defendant


I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him.  I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.


_8/22/14_
Date

_Kim W. Call_
Kimberly Copeland, Defendant's Attorney


10

Minimum Mandatory   X
Rule 35/5K1.1        X
Appeal Waiver        X
Other:  Restitution

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | |
| DONNEL CORNELIUS SHAVERS | § | 5:14CR12 |
| | § | |
| Defendant. | § | |

## SUMMARY OF PLEA AGREEMENT

### DEFENSE COUNSEL:

Kimberly Copeland, Esq.

### STATUTES CHARGED:

Count 4/ 18 U.S.C. § 2251(a) – Production of Child Pornography
Counts 5 – 9/ 18 U.S.C. § 2422(b) – Coercion and Enticement
Count 13/ 18 U.S.C. § 2252A(a)(2) – Receipt of Child Pornography

### COUNT PLEADING TO:

Count 4/ 18 U.S.C. § 2251(a) – Production of Child Pornography

Count 7/ 18 U.S.C. § 2422(b) – Coercion and Enticement

### STATUTORY PENALTIES:

Count 4:

Imprisonment for not less than 15 years nor more than 30 years;
Fine of not more than $250,000;
Supervised release of not less than 5 years and not more than life;
$100 special assessment.

Count 7:
Imprisonment for not less than 10 years nor more than life;
Fine of not more than $250,000;
Supervised release of not less than 5 years and not more than life;
$100 special assessment.



## ELEMENTS OF THE OFFENSE:

Count 4:

**First:**  An actual minor, that is, a real person who was less than 18 years old, was depicted;

**Second:**  the Defendant induced and enticed the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

**Third:**  the visual depiction was transported in interstate commerce.

Count 7:

**First:**  the defendant knowingly persuaded, induced, and enticed G.B. to engage in a sexual activity;

**Second:**  the defendant used a facility of interstate and foreign commerce as alleged in the Indictment to do so;

**Third:**  when the defendant did these acts, G.B., was less than 18 years old; and

**Fourth:**  one or more of the individual engaging in the sexual activity could have been charged with a criminal offense under the law of Georgia

## SUMMARY OF GOVERNMENT'S PROMISES:

- Not object to a recommendation from the probation officer that the defendant receive a 3 level reduction for acceptance of responsibility, based upon the timeliness of his plea, all provided the defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, and has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter;

- At the time of sentencing, dismiss the remaining counts of the Indictment as to this defendant;

- To consider whether the Defendant's cooperation with the Government qualifies as "substantial assistance" and warrants the filing of a motion for downward departure below any applicable guideline range or mandatory minimum sentence or a motion to reduce sentence.

2

- Defendant agrees to pay restitution for the full loss caused by Defendant's total criminal conduct, which is not limited to the specific counts to which Defendant is pleading guilty.

- Defendant waives the protections of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. If he fails to plead guilty, or later withdraws his guilty plea, all statements made by him in connection with that plea, and any leads derived therefrom, shall be admissible for any and all purposes.

## SUMMARY OF DEFENDANT'S PROMISES:

- Plead guilty to Counts 4 and 7 of the Indictment;

- Acknowledge at the time of the plea the truth of the "Factual Basis" contained in the plea agreement; and

- Pay on the date of sentencing the special assessments imposed by the Court.

- Defendant agrees to provide full, complete, candid, and truthful cooperation to the government. The government, in its sole discretion, will decide whether that cooperation qualifies as "substantial assistance" that warrants the filing of a motion for downward departure or reduction in sentence.

- Defendant waives his right to appeal on any ground, with only three exceptions: he may appeal his sentence if (1) that sentence exceeds the statutory maximum, (2) that sentence exceeds the advisory Guidelines range determined by this Court at sentencing, or (3) if the government appeals.

- Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.

- Defendant understands that he will be required to register as a sex offender.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

UNITED STATES OF AMERICA   )
            )
    v.        )    CR 514-12
            )
DONNEL CORNELIUS SHAVERS  )

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of defendant and defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

**ORDERED** that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

**SO ORDERED**, this ___ day of _____, 2014.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA